IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRE W. WILLIAMS, SR.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:16-CV-2944-L** |
| | § | |
| **CITY OF RICHARDSON; DARYL FOURTE; JOSE MORENO; CHEREE BONTRAGER; RYAN DELZELL; TRAVIS SWITZER; HUNTER STEPHENS; and RANDY JONES,** | § § § § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") (Doc. 18), filed November 13, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6); Plaintiff's Motion for the Appointment of Counsel (Doc. 25), filed June 6, 2018; the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") entered August 15, 2018, by United States Magistrate Judge Renée Harris Toliver; and Plaintiff's objections to the Report (Doc. 27), filed August 31, 2018. For the reasons herein explained, the court **accepts** the findings and conclusions of the magistrate judge; **overrules** Plaintiff's objections; **grants** Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint (Doc. 18) *to the extent recommended by the Report*; **dismisses with prejudice** Plaintiff's: (1) hostile work environment claim, to the extent such claim is properly before the court; (2) and claims for alleged violations of 42 U.S.C. § 1981 (brought pursuant to 42 U.S.C. § 1983) against the City of Richardson and Defendants Randy Jones, Ryan Delzell, Hunter Stephens, Cheree Bontrager,

and Jose Moreno in their individual capacities; and **denies** Plaintiff's Motion for the Appointment of Counsel (Doc. 25).

I.   **Magistrate Judge's Report**

On August 15, 2018, the magistrate judge recommended that the court grant Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint, *to the extent set forth in her Report*, and dismiss with prejudice Plaintiff's: (1) hostile work environment claim, to the extent such claim is properly before the court; (2) and claims for alleged violations of 42 U.S.C. § 1981 (brought pursuant to 42 U.S.C. § 1983) against the City of Richardson ("the City") and Defendants Randy Jones ("Jones"), Ryan Delzell ("Delzell"), Hunter Stephens ("Stephens"), Cheree Bontrager ("Bontrager"), and Jose Moreno ("Moreno") in their individual capacities.

Regarding Plaintiff's section 1981 claim against the City, the magistrate judge notes that Plaintiff's pleadings fail to identify any policymaker or City policy or custom that was the moving force behind an alleged constitutional violation. The magistrate judge determined that Plaintiff's pleadings also fail to allege a section 1981 claim against non-supervisory individual Defendants Jones, Delzell, Stephens, Bontrager, and Moreno in their individual capacities because he does not allege that these Defendants were involved in any racially motivated adverse employment action such that they could be considered "essentially the same" as the City. Report 8. Assuming Plaintiff's hostile work environment claim is properly before the court,[1] the magistrate judge determined that this claim should be dismissed with prejudice for failure to exhaust administrative remedies. In addition, the magistrate judge recommended that the court not allow Plaintiff to further

---

[1] The Report notes that the addition of Plaintiff's hostile work environment claim in his amended pleading exceeds the scope of amendment authorized in the magistrate judge's prior findings and conclusions (Doc. 14) that were accepted by the court (Doc. 16).

amend his pleadings as to these claims because his section 1981 claims against the City of Richardson and Jones, Delzell, Stephens, Bontrager, and Moreno in their individual capacities remain infirm even after Plaintiff was granted leave to amend these claims, and Plaintiff's hostile work environment claim is incurable, as it fails as a matter of law for failure to exhaust administrative remedies. The magistrate judge also notes that she did not consider Plaintiff's surreply (Doc. 23) to the Motion to Dismiss because it was filed without leave of court.

## II.  Plaintiff's Objections to the Report

Plaintiff filed objections to the Report on August 31, 2018. Plaintiff concedes that his Original Complaint was deficient, acknowledges that he was given an opportunity to amend his pleadings, and maintains that he attempted to the best of his ability to state sufficient facts to support his claims. Plaintiff contends that his claims and allegations are "supported by evidence," and he is entitled to a jury trial on his claims because his "best case is pleading at its very best before a jury when he is provided the opportunity to present all of the evidence and supporting witness testimony." Pl.'s Obj. 2, 10. Plaintiff expresses frustration regarding the seven-month period between the filing of his "First Amended Pleading" ("First Amended Complaint") and the issuance of the Report on Defendants' Motion to Dismiss.

Regarding his claims, Plaintiff asserts that he does not understand why the court previously dismissed for lack of jurisdiction his claim for alleged violations of the Health Insurance Portability and Accountability Act ("HIPAA"). In addition, Plaintiff contends that his section 1981 claim against the City should not be dismissed because the City is liable under a respondeat superior theory for injuries caused by its employees. Based on evidence attached to his objections, Plaintiff also

disagrees that his section 1981 claim against Jones, Delzell, Stephens, Bontrager, and Moreno in their individual capacities and hostile work environment claim should be dismissed.

Finally, Plaintiff objects to the magistrate judge's recommendation that he not be allowed to further amend his pleadings with respect to the three claims that are the subject of the Report. Plaintiff contends that, while Defendants "were trying to dismiss this case for Plaintiff['s] lack of legal knowledge," he filed a motion for appointment of counsel on June 6, 2018. Pl.'s Obj. 9. Plaintiff takes issue with the magistrate judge's determination that his hostile work environment claim is "incurable" and questions how he could have known this given the court's seven-month delay to notify him that this or his other claims, as pleaded, are deficient or incurable. *Id.* at 10. He also contends that the court failed to notify him before now that he could not file a surreply or "second response" to Defendants' Motion to Dismiss and neglected to inform him, after he filed the "second response," that it was incorrectly filed. Plaintiff contends that, in light of his lack of legal experience, he is doing his best to represent himself "and has given enough factual allegations in his amended complaint to raise a right to relief." *Id.* Plaintiff further asserts that this "second response . . . raised more warranted, true facts" that support his claims. *Id.*

## III. Discussion

Most of the matters raised in Plaintiff's objections are entirely irrelevant to whether he has stated valid section 1981 or hostile work environment claims upon which relief can be granted. Whether Plaintiff has evidence to prove these claims is quite beside the point at this juncture, as Rule 12(b)(6) focuses on a plaintiff's pleadings, not the parties' evidence, and before a plaintiff is entitled to a trial on his claims, he must first file a complaint that contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A surreply is not a pleading and, as correctly noted by the magistrate judge, the surreply at issue was filed without leave of court in contravention of the district's Local Civil Rules. While Plaintiff is proceeding pro se and is not a lawyer, this does not relieve him of familiarizing himself and complying with the district's Local Civil Rules and the Federal Rules of Civil Procedure applicable to all litigants, and it is not the court's responsibility to give Plaintiff or any pro se litigant legal advice.

Further, while Plaintiff filed a motion for appointment of counsel, he did not do so until approximately eight months after he filed his First Amended Complaint, which was approximately seven months after Defendants filed their Motion to Dismiss, and six months after briefing on that motion was complete. Moreover, he waited nearly two years after filing this action before seeking appointment of counsel. Thus, Plaintiff's motion for appointment of counsel is not a valid objection or basis for the court to reject or set aside the magistrate judge's findings and conclusions regarding Defendants' Motion to Dismiss.

Moreover, the court determines that Plaintiff has not demonstrated that he is entitled to appointment of counsel. There is no absolute right to appointment of counsel in a civil case, including section 1983 cases, even when a pro se litigant is "demonstrably indigent." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)); *see also Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam) (section 1983 case). Although a district court has discretion to appoint counsel to represent an indigent person in the prosecution of a suit, *see* 28 U.S.C. § 1915(e)(1), it is not required to do so unless the case presents "exceptional circumstances." *Jackson*, 811 F.2d at 261 (quoting *Branch v.*

*Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). In determining whether "exceptional circumstances" exist, the court considers "two basic factors—the type and complexity of the case, and the abilities of the individual bringing it." *Jackson*, 811 F.2d at 261 (citation omitted). The court also considers the four factors set forth in *Ulmer v. Chancellor*: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 262 (quoting *Ulmer v*, 691 F.2d at 213). A "district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* at 213 (citing *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980)). In Title VII cases, the Fifth Circuit has identified three additional factors: (1) the merits of the claims alleged; (2) the party's efforts to retain the services of any attorney; and (3) the party's financial ability. *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984). No single factor is conclusive. *Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

In his one-page Motion for Appointment of Counsel, Plaintiff, who paid the initial filing fee when he initially brought this action against Defendants, focuses on his financial ability. In this regard, he states in conclusory fashion under penalty of perjury that he is "unable to pay costs of these proceedings" because he has been unemployed since May 31, 2018. Pl.'s Mot. 1 (Doc. 25). He also asserts, but not under penalty of perjury, that he has attempted but has been unsuccessful in his efforts to obtain counsel from a number of legal aid organizations and law firms.

Plaintiff does not address any of the other applicable factors identified above; nor does his motion include any financial information from which the court can determine whether he is indigent or financially able to retain counsel. Accordingly, Plaintiff has not demonstrated that he is indigent or financially incapable of retaining counsel. While he asserts that he contacted a number of organizations and law firms in an effort to obtain counsel and was "declined assistance," *id*., he does not explain whether he was declined assistance because he does not qualify financially for assistance, it was determined that his claims lacked merit or a probable likelihood of success, or he was declined assistance because this case has been pending almost two years, during which a number of his claims have been dismissed with prejudice and dismissal with prejudice of additional claims has been recommended by the magistrate judge.

Additionally, although section 1983, Title VII, ADA, and ADEA actions do tend to be more factually complex, the law in these areas is well-developed, and the issues raised by Plaintiff regarding these claims are not overly complex or novel. The record also demonstrates that Plaintiff has done a credible job in: filing pleadings (Docs. 2, 17); effecting service of process on the large number of Defendants sued (Doc. 5); filing a motion (Doc. 25); filing lengthy and detailed responses to Defendants' motions (Docs. 7, 12, 13, 20, 23); filing objections to the magistrate's judges findings and conclusions regarding two motions to dismiss (Docs. 15, 27); and garnering evidence submitted in support of his filings in this case. Thus, the court is not convinced that this case involves exceptional circumstances and determines that Plaintiff can adequately develop the facts and present any claims that remain in this case after resolution of Defendants' Motion to Dismiss.

Finally, it is unclear at this point whether the evidence in this case will consist in large part of conflicting testimony for which Plaintiff would need the assistance of counsel, as this case has not

yet reached the evidentiary stage of litigation, and no motions for summary judgment have been filed. The court, therefore, will not comment on whether Plaintiff's claims moving forward are likely to succeed on the merits, except to note that certain of Plaintiff's section 1983, Title VII, ADA, and ADEA claims have survived dismissal under Rule 12(b)(6) up to this point despite his professed lack of legal experience. Given that this case has already been pending approximately two years, it is also unlikely that the appointment of counsel at this juncture will assist in "sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination" of Plaintiff's claims that remain after this order. The court will, therefore, deny Plaintiff's Motion for Appointment of Counsel.

For all of these reasons and because Plaintiff contends that he "has given enough factual allegations in his amended complaint to raise a right to relief," *id.* at 10, and does not explain how he would or could cure the deficiencies noted, the court agrees with the magistrate judge that he has pleaded his "best case" regarding these claims and providing him with another opportunity to amend these three claims would unnecessarily delay the litigation and resolution of Plaintiff's remaining claims for (1) alleged section 1981 violations against Fourte and Switzer in their individual capacities brought pursuant to section 1983; and (2) alleged violations of Title VII, the American with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") against the City.

The court also declines to revisit its September 30, 2017 order and ruling (Doc. 16) dismissing without prejudice for lack of jurisdiction Plaintiff's HIPAA claim, which was the subject of prior findings and conclusions of the magistrate judge (Doc. 14). Plaintiff had an opportunity to file objections and did assert extensive objections (Doc. 16) to the magistrate judge's findings and

conclusions regarding his HIPAA and other claims, which were considered by the court and overruled.

IV. **Conclusion**

After carefully considering the Motion to Dismiss, briefs, pleadings, file, record, and Report, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiff's objections; **grants** Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint (Doc. 18) *to the extent recommended by the Report*; and **dismisses with prejudice** Plaintiff's: (1) hostile work environment claim, to the extent such claim is properly before the court;[2] (2) and claims for alleged violations of 42 U.S.C. § 1981 (brought pursuant to 42 U.S.C. § 1983) against the City of Richardson and Defendants Randy Jones, Ryan Delzell, Hunter Stephens, Cheree Bontrager, and Jose Moreno in their individual capacities. The court also **denies** Plaintiff's Motion for the Appointment of Counsel (Doc. 25).

As previously noted, Plaintiff's remaining claims include those for: (1) alleged section 1981 violations against Defendants Fourte and Switzer in their individual capacities brought pursuant to section 1983; and (2) alleged violations of Title VII, the ADA, and ADEA against the City of Richardson. *Accordingly, the proceedings in this case moving forward **shall** focus on these claims*

---

[2] Dismissal with prejudice of the hostile work environment claim for failure to exhaust administrative remedies is appropriate because the claim is time-barred. A plaintiff must file a charge of discrimination with the EEOC within 300 days of the event giving rise to the cause of action. 42 U.S.C. § 200e-5(e) (2002). Conduct that occurred more than 300 days before the date the charge is filed cannot be grounds for suit, *Webb v. Cardiothoracic Assocs. of N. Tex., P.A.*, 139 F.3d 532, 537 (5th Cir. 1998), unless the claim is based on a continuing violation theory. *Waltman v. International Paper Co.*, 875 F.2d 468-474-75 (5th Cir. 1989). The magistrate judge determined that the discrete discriminatory acts that allegedly occurred between September 2015 and April 2016 do not qualify as a continuous pattern, and the court concludes that the time for filing a charge with respect to any such alleged discriminatory acts has passed.

*against the City of Richardson, Fourte, and Switzer, unless Plaintiff is granted leave to amend his pleadings to assert additional claims not previously dismissed by the court.* Further, as only these claims remain, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to those Defendants against whom all claims by Plaintiff have been dismissed with prejudice. The court, therefore, **directs** the clerk of the court to enter a final judgment as to the following Defendants: Randy Jones, Ryan Delzell, Hunter Stephens, Cheree Bontrager, and Jose Moreno.

**It is so ordered** this 7th day of September, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge