IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2944-L-BK |
| | § | |
| CITY OF RICHARDSON, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. The Court now considers *Defendants' Motion for Summary Judgment*, Doc. 63. As detailed here, Defendants' motion should be **GRANTED**.

**I. BACKGROUND**

Given the parties' familiarity with the case, the Court will not recite the facts in detail. For purposes of this motion it is sufficient to state that Plaintiff initiated this employment discrimination case against his former employer, the City of Richardson ("the City"), and seven city employees: Daryl Fourte, Jose Moreno, Cheree Bontrager, Ryan Delzell, Travis Switzer, Hunter Stephens, and Randy Jones. Following the disposition of Defendants' first and second Rule 12(b)(6) motions, Docs. 16, 28, the following causes of actions remain: (1) Section 1981 claims (asserted through Section 1983) against Daryl Fourte ("Fourte") and Travis Switzer ("Switzer") in their individual capacities; and (2) Title VII, ADA, and ADEA claims against the City. Docs. 26 at 12 & n.8; 28 at 9-10.

## II. APPLICABLE LAW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). No genuine dispute of material fact exists where the record taken as a whole could not lead to a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When ruling on a motion for summary judgment, the Court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The Court is not, however, required to sift through the record in search of evidence to support a party's position. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record," and articulate the precise manner in which that evidence supports their claim. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

## III.   PARTIES' ARGUMENTS AND ANALYSIS

**A.  Title VII, ADA, and ADEA Claims Against the City**

As an initial matter, the Court previously concluded that Plaintiff's Title VII, ADA, and ADEA claims against the City are limited to the alleged adverse employment action of not being promoted to Residential Solid Waste Supervisor Position ("Supervisor Position") in May 2016. *See Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL 4404461, at *4 (N.D. Tex. Sept. 8, 2017) (Toliver, J.), *adopted by* 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (Lindsay, J.) (denial of Field Service Representative in the City's Water Department was a lateral position and therefore not an adverse employment action).

In a Title VII, ADA, or ADEA action, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Jackson v. CalWestern Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (ADEA case); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (Title VII case); *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000) (ADA case). After the plaintiff makes such a showing, the burden shifts to the employer to show a legitimate, non-discriminatory reason for any adverse employment action. *Laxton v. Gap Inc.* 333 F.3d. 572, 578 (5th Cir. 2003). If the employer is successful in doing so, the burden shifts back to the plaintiff to provide substantial evidence that the proffered reason is a pretext for the alleged discrimination. *Id.*

To establish a prima facie case of discrimination under Title VII and the ADEA, Plaintiff must show that he: (1) was within a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or treated less favorably than other similarly situated employees. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004); *Neale v. Mid-W. Truck, Inc.*, No. 5:17-CV-078-C, 2018 WL 8951187, at *3 (N.D. Tex. Aug. 28, 2018). Similarly, to establish a prima facie case under the ADA, Plaintiff must demonstrate that: (1) he suffers from a disability; (2) he is qualified for the job; (3) he was subject to an adverse employment action; and (4) he was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *McInnis*, 207 F.3d at 279.

1. **Title VII and ADEA Claims**

The City argues summary judgment is proper because Plaintiff cannot satisfy all of the elements of a prima facie claim of discrimination under Title VII or the ADEA. Doc. 65 at 37.

Specifically, the City argues that Plaintiff fails to identify similarly situated comparators outside of his protected class. Doc. 65 at 39. Plaintiff responds that (1) he was qualified for the Supervisor Position because "he had Solid Waste experience, he possessed a commercial driver license for almost 30 years and had the ability and knowledge to train others;" and (2) he was "treated indifferently regarding company policy and procedure." Doc. 68 at 21-22.

Plaintiff cannot show that he was replaced by someone outside his protected class because Defendants hired Philip Hayes, who, like Plaintiff, is an African American, for the Supervisor Position. Doc. 64 at 156. Plaintiff must therefore show that he was treated differently than similarly situated employees to establish a prima facie claim of discrimination under Title VII and the ADEA. See *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). "An employee who proffers a fellow employee as a comparator must demonstrate that the employment actions at issue were taken 'under nearly identical circumstances.'" *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009) (quoting *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)). "The employment actions being compared will be deemed to have been taken under nearly identical circumstances when employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable employment histories." *Id.* (citation omitted). The "similarly situated" requirement is narrowly construed. *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 & n.33 (W.D. Tex. 2007) (collecting cases).

Here, Plaintiff's conclusory allegation that he was "treated indifferently [sic] regarding company policy and procedure" is insufficient to survive summary judgment. See *Gilbert v. Brookshires Grocery, Co.*, 354 F. App'x 953, 954 (5th Cir. 2009) (finding that plaintiff was not similarly situated to another employee where he presented no evidence that the other employee's

4

"position, duties, qualifications, or pay rate were similar" to his).  Plaintiff wholly fails to identify similarly situated employees outside his race who were promoted to the Supervisor Position; as stated previously, Hayes is the same race as Plaintiff.  See *Jones v. FJC Sec. Servs., Inc.*, 40 F. Supp. 3d 840, 850-51 (S.D. Tex. 2014), *aff'd by* 612 F. App'x 201 (5th Cir. 2015) ("Similarly situated individuals must be nearly identical and must fall *outside the plaintiff's protective class.*") (emphasis added) (internal quotation omitted); Doc. 64 at 173.  Plaintiff also fails to identify evidence to minimally establish that Hayes is outside of Plaintiff's age group.  *Forsyth*, 19 F.3d at 1537; Doc. 68 at 22 (alleging, without citation, that Hayes is younger than Plaintiff).  Accordingly, his Title VII and ADEA claims fail as a matter of law.

    **2. ADA Claim**

The City next argues that summary judgment is proper because Plaintiff cannot satisfy all of the elements of a prima facie case of discrimination under the ADA.  Specifically, the City argues that Plaintiff was not qualified for the Supervisor Position as he could not perform the position's essential functions, with or without a reasonable accommodation.  Doc. 65 at 39-41.  In order to be qualified, an employee must show that he "can perform the essential functions of the employment position" that he holds or seeks, "with or without reasonable accommodation."  42 U.S.C. § 12111(8); *see* 29 C.F.R. § 1630.2(m), (n).  The Fifth Circuit has adopted a two-part test to determine if an employee is qualified.  *Gober v. Frankel Family Tr.*, 537 F. App'x 518, 521 (5th Cir. 2013).  Plaintiff will avoid summary judgment on this point if he can show "(1) that he could perform the essential functions of the job in spite of his disability or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job."  *Id.*

The City has met its summary judgment burden by identifying evidence of record

showing that Plaintiff was not qualified to perform the essential functions of the Supervisor Position, with or without reasonable accommodations. See *Celotex Corp.*, 477 U.S. at 323. The essential job functions of the Supervisor Position require, *inter alia*, an individual to climb, crawl, kneel, squat, stoop, bend freely, site, stand and/or walk for extended periods, as well as drive and operate all refuse collection vehicles. Doc. 64 at 266. Plaintiff's physical capabilities form highlights his restricted ability to stand, walk, sit, bend, squat, kneel, climb, and reach. Doc. 64 at 117. Plaintiff also admits in his deposition that he could not perform the duties of the Supervisor Position, as he could not work in the front-loader truck. Doc. 64 at 69.

Because it is undisputed that sitting, driving, kneeling, squatting, and stooping are essential functions of the Supervisor Position, Plaintiff cannot show that eliminating these functions from his job requirements is a reasonable accommodation. See *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998) ("As a matter of law, it is an unreasonable accommodation for the employer to have to exempt the employee from performance of an essential function of the job.") (citation omitted). Plaintiff has not offered evidence to show any reasonable accommodation that would have enabled him to perform the essential functions of the Supervisor Position. See, e.g., *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) ("Since one of the essential duties of any firefighter is to fight fires, if [plaintiff] cannot perform that duty, then he cannot be reasonably accommodated as a matter of law.") (citation omitted).

For the foregoing reasons, Plaintiff fails to establish a prima facie case and summary judgment is proper on Plaintiff's Title VII, ADA, and ADEA discrimination claims against the City.[1]

---

[1] The Court does not reach the legitimate, nondiscriminatory reason and pretext analysis because Plaintiff fails to establish a prima facie case. See *Laxton*, 333 F.3d. at 578.

### B. Section 1981 Claims Against Defendants Fourte and Switzer

Plaintiff asserts 1981 claims against Defendants Fourte and Switzer for (1) refusing to allow him to return to work after his injury, (2) denying him the Supervisor Position, and (3) terminating him. Doc. 17 at 8-11. The only substantive differences between Title VII and section 1981 claims are their "respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Thus, as Defendants Fourte and Switzer correctly note, Plaintiff's section 1981 claims fail because "it is undisputed that [Plaintiff] was not replaced by someone outside his protected class." *See supra* Part III.A.1; Doc. 65 at 38-39. Consequently, Plaintiff cannot establish a prima facie claim of discrimination on either of the alleged bases.

Additionally, Fourte, who is one of Plaintiff's supervisors, is the same race as Plaintiff and also over the age of 50. Doc. 64 at 148, 156. That Plaintiff's supervisor is the same race and within the same age range as Plaintiff raises an inference that there was no discriminatory motive. *Ryerson v. Berryhill*, No. 3:15-CV-3509-S-BK, 2018 WL 4103433, at *8 (N.D. Tex. Aug. 2, 2018) (Toliver, J.), *adopted by* 2018 WL 4101842 (N.D. Tex. Aug. 28, 2018), *aff'd*, 772 F. App'x 102 (5th Cir. 2019). Plaintiff fails to point to any evidence that could successfully rebut that inference. Moreover, in his deposition testimony, Plaintiff identifies neither Fourte and Switzer, but instead names two different city employees—Hammacher and Hannaker, as refusing to award him the Supervisor Position based on discrimination. *See* Doc. 64 at 15-16.

Accordingly, summary judgment is appropriate on Plaintiff's section 1981 claims (asserted through section 1983) against Defendants Fourte and Switzer in their individual capacities.

## IV. CONCLUSION

For the foregoing reasons, *Defendants' Motion for Summary Judgment*, Doc. 63, should be **GRANTED**. As no claims will remain, the Clerk of the Court should be instructed to close this case.

**SO RECOMMENDED** on February 5, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).