# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRE W. WILLIAMS, SR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-cv-2944-L** |
| | § | |
| **CITY OF RICHARDSON, TEXAS,** | § | |
| **DARYL FOURTE, and TRAVIS** | § | |
| **SWITZER,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 5, 2020, United States Magistrate Judge Renée Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 76), recommending that the court grant Defendants' Motion for Summary Judgment ("Motion") (Doc. 63), as to Plaintiff Andre Williams's ("Plaintiff"): (1) Title VII, Americans with Disabilities Act ("ADA"), and Age Discrimination in Employment Act ("ADEA") claims against the City of Richardson (the "City"); and (2) Section 1981 claims against Daryl Fourte ("Fourte") and Travis Switzer ("Switzer") in their individual capacities. Plaintiff filed Objections (Doc. 77) on February 19, 2020. Defendants filed a response (Doc. 79) on March 4, 2020.

In the Report, Magistrate Judge Toliver determined that summary judgment should be granted in favor of Defendants, as Plaintiff failed to establish a prima facie case concerning his remaining claims.[1] Plaintiff objects to this characterization and contends that he has met his

---

[1] Two motions to dismiss have been ruled upon over the course of this action. In ruling on the first motion to dismiss (Doc. 10), the court, in its order of September 30, 2017 (Doc. 16), dismissed with prejudice Plaintiff's Title VII, ADA, and ADEA claims against all individual Defendants in their individual capacities; Plaintiff's Title VII, ADA, and ADEA claims premised on adverse actions before September 30, 2015; and Plaintiff's "Threat with Use of Law Enforcement" and "Constructive Labor Practice" claims. The court also dismissed without prejudice Plaintiff's Title VII, ADA, and ADEA claims against the City and Section 1981 claims against all Defendants, and allowed Plaintiff to replead.

burden in establishing a prima facie case on all claims. For the reasons herein explained, the court **accepts** the findings and conclusions of the Magistrate Judge as supplemented herein; **overrules** Plaintiff's objections to the Report (Doc. 77); and **dismisses with prejudice** all remaining claims.

## I.      Plaintiff's Title VII and ADEA claims

To overcome Defendants' summary judgment motion, Plaintiff must establish a prima facie case of discrimination under Title VII and the ADEA. To establish a prima facie case under Title VII, Plaintiff must show, or raise a genuine dispute of material fact, that he: (1) was within a protected class; (2) was qualified for the position at issue; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *Outley v. Luke Assoc. Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (citation omitted). As it relates to Plaintiff's claim under the ADEA, Plaintiff must show, or raise a genuine dispute of material fact, that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011).

In her Report, Magistrate Judge Toliver recommended that the court dismiss with prejudice Plaintiff's claims under Title VII and the ADEA against the City. Specifically, she determined

---

In ruling on the second motion to dismiss (Doc. 18), the court, in its September 7, 2018 Order (Doc. 28), dismissed with prejudice Plaintiff's claims for (1) hostile work environment; and (2) alleged violations of 42 U.S.C. § 1981 (brought pursuant to 42 U.S.C. § 1983) against the City and Defendants Randy Jones, Ryan Delzell, Hunter Stephens, Cheree Bontrager, and Jose Moreno in their individual capacities. Thus, the only remaining claims are those discussed in this opinion and order.

that Plaintiff did not establish the fourth element necessary to establish a prima facie case for both claims. She highlights, and Plaintiff acknowledges in his summary judgment response, that the individual promoted over him for the Residential Solid Waste Supervisor Position ("Supervisor Position"), Philip Hayes ("Hayes"), was African American, just like Plaintiff. Thus, Hayes is within the same protected racial class as Plaintiff. She further determined that Plaintiff "fail[ed] to identify evidence to establish minimally that Hayes is outside of Plaintiff's age group," and, instead, makes a conclusory claim that Hayes is younger than he is without citing any evidence. Thus, Magistrate Judge Toliver determined that Plaintiff failed to identify a similarly situated individual outside of his protected class, and, accordingly, he has failed to establish a prima facie case to support his claim under Title VII and the ADEA.

In response, Plaintiff reiterates that Hayes, although African American, was younger than him. In his Objections, and for the first time, Plaintiff cites specific evidence demonstrating that Hayes is 17 years younger than he is. Although the evidence supporting Plaintiff's allegation that Hayes is younger than he is was included in the appendix to his summary judgment response, Plaintiff failed to specifically cite such evidence at that time. The Magistrate Judge did not scour the record for such evidence; nor was she required to do so. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-916 & n. 7 (5th Cir. 1992); *see also Outley*, 840 F.3d at 216 n.8 ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks and citation omitted). Accordingly, any evidence cited for the first time in his Objections is not properly before the court, and, thus, Plaintiff failed to create a genuine dispute of material fact that he was overlooked for the Supervisor Position in exchange for someone younger than he is.

Even considering Plaintiff's untimely citation to evidence, his claim still fails, as he has failed to show, or raise a genuine dispute of material fact, "that age was a 'but for' cause of the

challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). Accordingly, Plaintiff's claim for age discrimination under the ADEA fails for this reason as well. The court, therefore, agrees with the Magistrate Judge in determining that Plaintiff has failed to meet his burden to show that he suffered an adverse employment action because of his age. Nonetheless, the court must determine whether Plaintiff has established that he was treated less favorably than other similarly situated individuals as it relates to the promotion to the Supervisor Position. The court determines that he does not.

Despite his assertions, Plaintiff fails to present evidence that Hayes was similarly situated to him. To be similarly situated, the court considers whether employment actions were taken "under nearly identical circumstances when employees compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable employment histories." *Lee*, 574 F.3d at 259-60 (quoting *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)). Instead, he highlights reasons why Hayes, unlike him, was *not* qualified for the job and, thus, not similarly situated. Moreover, it is undisputed that Hayes is also African American and, thus, belongs to the same protected class as Plaintiff, which makes this argument fail as a matter of law.

In an attempt to overcome this element, Plaintiff asserts that he was treated less favorably than another coworker, Donald Tubbs ("Tubbs"), who is white. As Defendants accurately highlight, however, Plaintiff did not present Tubbs as a possible comparator in his response to their summary judgment motion, and, thus, he is unable to raise it for the first time in his Objections.[2] *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (stating that issues raised for

---

[2] Plaintiff raised this argument in his First Amended Pleading (Doc. 17); however, he did not defend this position in his summary judgment response. The court, therefore, reasonably infers that Plaintiff has abandoned or waived this argument. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (noting that "an issue raised in the complaint but ignored at summary judgment may be deemed waived []").

the first time in objections to magistrate judge's report are not properly before the court); *see also Moore as Next Friend of Moore v. Tangipahua Parish School Board*, 771 F. App'x 540, 544 n.4 (5th Cir. 2019).

Even considering Tubbs as a comparator, the court determines that Plaintiff has not shown that Tubbs was similarly situated to him as it relates to the Supervisor Position because he presents no allegations, *much less any evidence*, that Tubbs received a promotion to the Supervisor Position or that he sought such a position. Instead, the only similarities Plaintiff asserts relate to the alleged disparities of treatment between him and Tubbs during their probationary period after they were both hired for the Heavy Equipment Operator ("HEO") Position. Accordingly, the court determines that Tubbs and Plaintiff are not similarly situated as it relates to the Supervisor Position. The court, therefore, agrees with the Magistrate Judge and determines that Plaintiff has failed to demonstrate that he was treated less favorably than other similarly situated employees outside his protected class. For the reasons herein stated, the court **overrules** Plaintiff's objections related to his claims for discrimination under Title VII and the ADEA, concerning the City's alleged failure to promote him to the Supervisor Position, and it will grant Defendants' Motion for Summary Judgment as to these claims.

The court also notes that Plaintiff raised objections to the Magistrate Judge's reference to the court's Order of September 30, 2017, in which the court determined that Plaintiff's Title VII, ADA, and ADEA claims were limited to the Supervisor Position. She also noted that the court determined that the Field Service Representative position ("Field Service Position") was a lateral move and not a promotion; thus, failure to move Plaintiff to that position was not an adverse employment action.[3] *See Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL

---

[3] Despite the court's Order of September 30, 2017, Plaintiff reasserted allegations of discrimination related to the Field Service Position in his summary judgment response.

4404461, at *4 (N.D. Tex. Sept. 8, 2017) (Toliver, J.), *adopted by* 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017). In response, Plaintiff asserts that the Magistrate Judge erred in characterizing the Field Service Position as a lateral move and asserts that determining such in the court's prior order was an abuse of discretion. The court, however, disagrees.

The court determines that the allegations presented in connection with the first Motion to Dismiss supports the characterization that the Field Service Position was a lateral move. Even considering Plaintiff's assertions, his allegations related to the Field Service Position were time-barred, as he failed to timely file his complaint with the EEOC. *Id.* at *4. Thus, these claims were dismissed with prejudice for that reason. *Id.* at *9. Accordingly, the objections raised by Plaintiff relating to claims against the City for discrimination under Title VII, ADEA, and ADA concerning the Field Service Position are **overruled as moot.**

## II.     Plaintiff's ADA Claim

To defeat summary judgment on his ADA claim, Plaintiff must show, or raise a genuine dispute of material fact, that he: (1) is disabled or regarded as disabled; (2) is qualified for the job; (3) was subjected to an adverse employment action because of his disability; and (4) was replaced by or treated less favorably than non-disabled individuals. *McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). To be considered qualified, Plaintiff must show that he can perform the essential functions of the Supervisor Position or HEO Position, with or without a reasonable accommodation. *See* 42 U.S.C. § 12111(8). Specifically, he must demonstrate that "(1) that he could perform the essential functions of the job in spite of his disability[,] or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Gober v. Frankel Family Tr.*, 537 F. App'x 518, 521 (5th Cir. 2013) (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996)) (internal citations omitted).

Magistrate Judge Toliver determined that Defendants are entitled to summary judgment on these claims because Plaintiff failed to establish a prima facie case for discrimination under the ADA, as he did not demonstrate that he was qualified for the Supervisor Position. Specifically, she highlighted that he failed to establish that a reasonable accommodation would have allowed him to perform the essential job duties of the role, or that eliminating the essential functions would be a reasonable accommodation. Additionally, she determined that, in his deposition, Plaintiff admits that he was not able to perform the duties of the Supervisor Position because he could not work the front-loader truck. Thus, according to the Report, Plaintiff fails to establish a prima facie case for discrimination under the ADA, as it relates to the Supervisor Position.

In response, Plaintiff acknowledges that his disability affects sitting for long periods of time. While he notes that an essential job function of the Supervisor Position is sitting, he contends that a reasonable accommodation would be to allow him to perform his duties while standing when he needed to do so. Other than sitting for extended periods, which he contends the Supervisor Position does not require, he asserts that he is able to perform all other essential functions of the position. He also notes that his inability to sit for long periods of time only relates to his role as HEO, as he would have to use the front-loader truck on a limited basis.[4] Plaintiff also contends that, despite the assertions made by Defendants and the Magistrate Judge, he never stated that he was unable to perform the essential functions of the Supervisor Position. Instead, he contends that he was referring to a different position and department. Plaintiff fails, however, to present evidence that his proposed accommodation—opportunities to sit when needed or use the roll-off

---

[4] Plaintiff also contends that despite the written job description for the Supervisor Position, the role does not require use of the front loader. As Defendants acknowledge, however, Plaintiff did not raise this assertion in his summary judgment briefing, and, thus, his attempt to challenge the written job description of the Supervisor Position is not properly before the court. *Armstrong*, 951 F.2d at 630.

vehicle rather than the front loader—would enable him to perform the essential functions of the Supervisor Position or the HEO Position.

The court determines that Plaintiff did acknowledge his inability to operate the front-loader truck, in both his deposition and Objections, as it relates to the HEO Position, not the Supervisor Position. *See* Doc. 64 at 63-69. That Plaintiff's discussion of this restriction was in connection with the HEO Position, however, is of no moment, as the Supervisor Position also lists as an essential function that an individual must be able to "drive and operate *all* refuse collection vehicles and equipment when needed." Doc. 64 at 266 (emphasis added). Thus, the court reasonably infers that Plaintiff's inability to operate the front loader in the HEO Position applies to the Supervisor Position as well. Moreover, Plaintiff's admission in his deposition that he could not safely use the front-loader truck stands, and the court need not consider at the summary judgment phase Plaintiff's assertions to the contrary, as they contradict his sworn deposition testimony. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.") (citations omitted); *see also Benedetti v. Wal-Mart Stores Tex., L.L.C.*, 788 F. App'x 945, 949 (5th Cir. 2019) (citing *S.W.S. Erectors, Inc.*, 72 F.3d at 495).[5]

Additionally, Plaintiff fails to identify any reasonable accommodation that would allow him to fulfill the essential job function of using the required equipment in the Supervisor Position, which includes the front-loader truck. Further, he fails to demonstrate, other than through conclusory statements, that allowing him to use a different commercial vehicle would be a

---

[5] Plaintiff did not include an affidavit supporting his assertion that he never stated he was unable to fulfill the essential functions of the Supervisor Position. Thus, his assertion has even less support than anticipated by the *S.W.S. Erectors, Inc.* case. The court further determines that even if he did provide an affidavit to that effect, it would disregard the affidavit, as it contradicts his sworn deposition testimony.

reasonable accommodation. The court, therefore, agrees with the Magistrate Judge that Plaintiff failed to establish that he was qualified for the Supervisor Position, and, thus, he has failed to establish a prima facie case, or raise a genuine dispute of material fact, as to his claim for discrimination under the ADA related to that position.

In an attempt to maintain his ADA claim, Plaintiff also makes an assertion that the City violated the ADA by firing him from his position as an HEO and replacing him with a non-disabled individual. Plaintiff, however, did not make this assertion in his summary judgment response,[6] and, thus, it is not properly before the court. Even considering Plaintiff's untimely assertion, the court determines that he has failed to provide evidence supporting this argument. Moreover, Plaintiff has admitted his inability to operate the front-loader vehicle. He counters by asserting that his disability did not hinder him from performing most of the functions required in his role as an HEO because the City could have allowed him to remain a "roll-off operator" rather than operate the front loader. Instead of Defendants providing this accommodation, Plaintiff contends that they required him to drive the front loader out of retaliation for him raising claims of discrimination. Once again, Plaintiff provides no evidence to support his assertion, or that operating different equipment would be a reasonable accommodation. Thus, the court **overrules** Plaintiff's objections related to his claim against the City for discrimination under the ADA and will grant Defendants' Motion for Summary Judgment on this claim.

### III.    Plaintiff's Section 1981 Claims

In her Report, Magistrate Judge Toliver determined that summary judgment should be granted in favor of Defendants Fourte and Switzer on Plaintiff's alleged violations of

---

[6] In his summary judgment response, Plaintiff asserts that he was terminated from the HEO position and replaced with someone younger than he is, but he did not assert that he was replaced by a non-disabled individual. Doc. 68 at 27 ("Williams was terminated while in his position as [an HEO] and replaced by a much younger individual.")

discrimination under 42 U.S.C. § 1981 (brought under 42 U.S.C. § 1983) because Plaintiff did not establish a prima facie claim of discrimination. Specifically, she notes that it is undisputed that Plaintiff was not replaced by someone outside of his class, which is required to assert both a Title VII and Section 1981 claim for discrimination. Moreover, she highlights that Fourte, Plaintiff's supervisor, is the same race and within the same age range as Plaintiff, which raises an inference that there was no discriminatory motive regarding Fourte's alleged conduct.

Plaintiff objects and contends that Fourte being in the same age group has no relevance to his claims for intentional discrimination and retaliation and alleges that he has a history of discriminatory behavior against other African Americans, which should raise questions of motive. Plaintiff, however, cites evidence that was not previously presented in his response to the motion for summary judgment and, thus, is not properly before the court. *See Armstrong*, 951 F.2d at 630. Moreover, the court finds this argument unavailing because Plaintiff fails to establish sufficiently that Fourte exhibited discriminatory motives against him in particular.

Plaintiff also asserts that Switzer, who is a white male, participated in the alleged discriminatory and retaliatory behavior and that the Magistrate Judge did not properly address these allegations. He fails, however, to demonstrate that the Magistrate Judge made an error based on the information that was adequately cited and presented to the court in consideration of the summary judgment briefing. Thus, the court determines that he is unable to establish with sufficient evidence that Switzer violated Section 1981. Moreover, as Plaintiff has failed to establish a prima facie claim for his Title VII claims, his claims under Section 1981 fail for the same reasons. *See Johnson v. Halstead*, 916 F.3d 410, 420 (5th Cir. 2019) (reinforcing long held principle that retaliation and intentional discrimination claims under Section 1981 and Title VII require proof of the same elements to establish liability). Accordingly, the court, in accordance

with the Report, determines that summary judgment should be granted in favor of Defendants Fourte and Switzer on Plaintiff's Section 1981 claims.

Moreover, in determining that Plaintiff failed to establish a prima facie claim under Section 1981, any claim for retaliation also fails because Plaintiff has not demonstrated that Defendants Switzer or Fourte made a materially adverse employment decision because of retaliation.[7] Specifically, he did not provide sufficient evidence to establish that either Fourte or Switzer engaged in conduct that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 420 (quoting *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. 67, 68 (2006)) (internal quotation marks omitted). Instead, Plaintiff asserts that he immediately started to receive low-scoring performance evaluations after he complained about the alleged discrimination, but he fails to present sufficient evidence to support these allegations. Plaintiff presents only his subjective belief that Fourte and Switzer's employment decisions against him were motivated by retaliation, but his subjective belief and conclusory allegations are insufficient to establish a prima facie case of retaliation. *Waters v. City of Dallas, Tex.*, 540 F. App'x 257, 262 (5th Cir. 2013) (citations omitted).

For both reasons, the court determines that Plaintiff's retaliation and discrimination claims under Section 1981 against Fourte and Switzer fail as a matter of law, and, thus, Plaintiff's objections concerning these claims are **overruled.** Plaintiff also attempts to re-argue facts related to his former supervisor, Randy Jones, against whom the claims for retaliation were dismissed

---

[7] To establish a prima facie case of retaliation in the Fifth Circuit, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). In evaluating whether actions are materially adverse, "petty slights, minor annoyances, and simple lack of good manners will not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse." *Burlington*, 548 U.S. at 68.

with prejudice in the court's Order of September 7, 2018. *See* Doc. 28 at 9. As these claims have been dismissed with prejudice, the court will not revisit them.

## IV.     Conclusion

After careful consideration of the summary judgment motion, response, reply, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct as herein supplemented, and **accepts** them as those of the court. The court concludes that no genuine dispute of material fact exists as to any claim asserted by Plaintiff, and Defendants are entitled to judgment as a matter of law on: (1) Plaintiff's Title VII, ADA, and ADEA claims against the City; and (2) Plaintiff's Section 1981 claims against Fourte and Switzer in their individual capacities. The court, therefore, **overrules** Plaintiff's Objections (Doc. 77), **grants** Defendants' Motion for Summary Judgment (Doc. 63), and **dismisses with prejudice** these claims against the City, Fourte, and Switzer.

Considering the court's previous orders of September 30, 2017 (Doc. 16) and September 7, 2018 (Doc. 28), and the court's rulings herein, no claims remain. The court, therefore, **dismisses with prejudice** this action against the City of Richardson, Daryl Fourte, and Travis Switzer and will issue a judgment by separate order as required under Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of March, 2020.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge